**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1557-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LOUIS P. URCINOLI,

    Defendant-Appellant.

_____

Submitted December 16, 2024 – Decided April 28, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 95-10-1008.

Louis Urcinoli, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (William Kyle Meighan, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Louis Urcinoli appeals from an order entered on December 21, 2023 denying his motion for reconsideration of sentence. We affirm.

The underlying facts of this case were rendered in our opinion on direct appeal. State v. Urcinoli, 321 N.J. Super. 519, 523-34 (App. Div. 1999), certif. denied, 162 N.J. 132 (1999). We provide a summary for context.

At trial, the State presented evidence that on March 12, 1995, defendant, then age nineteen, murdered sixteen-year-old Nicole Russo in his apartment by bludgeoning her with a crowbar, slitting her throat, and dismembering her body. Two days later, defendant confessed the murder to his uncle, who notified law enforcement. On March 27, 1995, defendant was arrested at the Los Angeles Airport and transported to New Jersey. While awaiting trial in jail, defendant conspired with another inmate to torture and kill his uncle to prevent him from testifying.

At a plea hearing held on October 8, 1996, the trial court engaged in a colloquy with the assistant prosecutor to clarify the terms of the State's offer.

> COURT: And, Prosecutor, you extended a plea offer to counsel for Mr. Urcinoli?
>
> PROSECUTOR: Yes, your Honor, we have. And, initially, the plea offer was extended in conjunction with our attempts to locate the remains of the victim. Subsequently, we would be willing, and have indicated to counsel for quite some time, to accept a plea of guilty

2

to the first count, the purposeful murder, with full exposure to existing law, and would move for dismissal of the remaining counts upon condition that information is provided to enable us to further attempt to locate the remains of Nicole Russo.

COURT: Now, when you say purposeful murder in first count, that could carry one of two sentences. It could be life with 30 years no parole, or 30 years with 30 years no parole. Have you –

PROSECUTOR: It would be the life over 30, Judge, would be the proffer. And, frankly, we leave the -- leave the sentencing, to the discretion of the Court with respect to a flat-out guilty plea under the purposeful -- purposeful, knowing murder.

Ultimately, defendant rejected the proposed plea offer and elected to proceed to trial. In December 1996, defendant was tried before a jury and convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1) to (2), second-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3, and two counts of attempted murder, N.J.S.A. 2C:5-1(a)(3) and N.J.S.A. 2C:11-3(a). The court sentenced defendant to life in prison with a mandatory thirty-year period of parole ineligibility on the murder conviction. The conspiracy conviction merged with the attempted murder conviction (count three). The court sentenced defendant to two twenty-year terms with ten-year periods of parole ineligibility on the two attempted murder convictions, to run concurrent to each other and consecutive to the sentence for first-degree murder, for an

3

aggregate sentence to life imprisonment plus twenty years with a forty-year period of parole ineligibility. We affirmed his convictions and sentences. Urcinoli, 321 N.J. Super. at 543.

Between October 1999 and March 2014, defendant pursued multiple avenues of relief. He filed five post-conviction relief (PCR) petitions alleging ineffective assistance of counsel, all of which were denied by a PCR court. Defendant appealed three of the PCR denials, and we affirmed each. State v. Urcinoli, No. A-6329-99 (App. Div. Dec. 10, 2001); State v. Urcinoli, No. A-4432-03 (App. Div. Mar. 1, 2005); State v. Urcinoli, No. A-4876-13T3 (App. Div. Mar. 28, 2016). Defendant also filed two petitions for writ of habeas corpus in the United States District Court for the District of New Jersey, both of which were dismissed. Urcinoli v. Cathel, No. 05-cv-4776, 2010 WL 5253524 (D.N.J. Dec. 17, 2010).

On September 16, 2021, defendant filed a motion for sentence reconsideration, arguing the sentencing court failed to account for the "overall fairness" sentence in imposing consecutive sentences as mandated by State v. Torres, 246 N.J. 246 (2021). In an April 24, 2024 order, the court denied the motion as time-barred pursuant to Rule 3:21-10. On November 28, 2023, defendant filed a second motion for sentence reconsideration, renewed the

argument raised in his prior application, and further argued that the sentence imposed was illegal due to the court's purportedly incorrect interpretation of sentencing guidelines at the plea hearing. In a December 21, 2023 order, the court ruled the sentence imposed was not illegal and, as such, was not excepted from the time bar as provided under Rule 3:21-10(b).

Defendant raises the following arguments on appeal of that order.

POINT ONE

THE LOWER COURT ERRED BY NOT PROPERLY APPLYING STATE V. ACEVEDO [205 N.J. 40 (2011)] AND FAILED TO MAKE A CORRECT FINDING THAT DEFENDANT WAS NOT SENTENCED IN ACCORDANCE WITH LAW; THAT THE SENTENCING WAS ILLEGAL, AND ORDER A NEW SENTENCING HEARING.

POINT TWO

THE LOWER COURT ERRED BY FAILING TO FIND THAT THERE WAS AN ABSENCE OF AN EXPLAINATION OF THE OVERALL FAIRNESS IN SENTENCING DEFENDANT TO CONSECUTIVE SENTENCES.

Having reviewed the record, we affirm substantially for the reasons set forth in the written opinion issued by Judge Guy P. Ryan. We add the following brief remarks.

The legality of a sentence is an issue of law subject to de novo review. See State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). Generally, "a motion to reduce or change a sentence shall be filed not later than 60 days after the date of the judgment of conviction." R. 3:21-10(a). However, a motion to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5). "[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code [of Criminal Justice] for a particular offense' or a sentence 'not imposed in accordance with the law.'" Acevedo, 205 N.J. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)).

The court correctly determined defendant's sentence of life imprisonment with a thirty-year parole ineligibility period is not illegal because it is authorized by law. See N.J.S.A 2C:11-3(b)(1) ("Murder is a crime of the first degree but a person convicted of murder shall be sentenced . . . to a specific term of years which shall be between 30 years and life imprisonment of which the person shall serve 30 years before being eligible for parole."). During his colloquy with the prosecutor at the plea hearing, the sentencing judge sought clarification whether full exposure contemplated "life with 30 years no parole, or 30 years with 30 years no parole." These statements accurately reflected the maximum sentences

A-1557-23

permitted by N.J.S.A 2C:11-3(b)(1). Thus, defendant failed to set forth a meritorious claim of illegality with regard to the length of his sentence.

Defendant's claim regarding the imposition of consecutive sentences is without merit for several reasons. First, defendant challenges the sentencing court's imposition of consecutive sentences, an issue that was raised and rejected on direct appeal. Urcinoli, 321 N.J. Super. at 520 (finding that the sentencing court had considered the Yarbough sentencing factors "in the imposition of consecutive sentences" and acted within its discretion in setting the sentence). A defendant may not relitigate a previously adjudicated issue on a motion for sentence reconsideration. See State v. Trantino, 60 N.J. 176, 180 (1972) (recognizing a prior adjudication on the merits of an issue on direct appeal is conclusive and cannot be relitigated, even if of constitutional dimension). Second, "[a] defendant's contentions regarding consecutive sentences . . . do not relate to the issue of sentence 'legality' and are not cognizable . . . under the present Rule 3:21-10(b)(5)." Acevedo, 205 N.J. at 47. Third and finally, the Torres rule, which requires sentencing judges to include a statement acknowledging the overall fairness of consecutive sentence, is not retroactive and does not entitle defendant to a resentencing hearing. See State v. Feal, 194

7

N.J. 293, 307-08 (2008) (holding that a decision has retroactive application when the opinion "announced" a "new rule of law").

Because defendant did not set forth a meritorious claim of illegality, his motion for sentence reconsideration filed more than twenty-six years after the date of the judgment of conviction is well beyond the sixty-day time period mandated by Rule 3:21-10(b)(5). Accordingly, the court properly determined that defendant's application is time-barred.

To the extent that we have not addressed any arguments raised, they lack sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1557-23